FILED
United States Court of Appeals
Tenth Circuit

May 19, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MANIKHONE SAIGNAPHONE, a/k/a
Mani Saignaphone,

Defendant - Appellant.

No. 10-1560
(D.C. No. 1:08-CR-00458-MSK-3)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

On August 23, 2010, Defendant Manikhone Saignaphone pleaded guilty to

conspiracy to defraud the government. *See* 18 U.S.C. § 286. The United States

District Court for the District of Colorado sentenced her to 26 months'

incarceration. Defendant appeals the sentence. Although she characterizes her

argument on appeal as solely a challenge to the substantive reasonableness of her

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence, parts of the argument are better characterized as challenges to procedural reasonableness. We have jurisdiction under 28 U.S.C. § 1291 and affirm. As for procedural reasonableness, the district court adequately considered issues of disparity in sentencing and did not err in assessing Defendant's cooperation with the government. And her substantive-reasonableness challenge fails because she has not overcome the presumption that her sentence, which was below the sentencing-guidelines range, was not unreasonably long.

## I. BACKGROUND

From January 28, 2005, to September 4, 2006, Defendant participated in a conspiracy to submit false amended tax returns to the Internal Revenue Service (IRS) and the State of Colorado Department of Revenue (CDR). The returns were submitted on behalf of customers who paid a share of their tax refunds to the conspirators. Defendant initially worked for Olympia Financial and Tax Services, Inc. as a salesperson. She recruited customers by falsely claiming that Olympia could "identify and legally claim deductions initially missed by the customers' original tax preparer," that Olympia employed tax professionals who were former IRS employees and other uniquely qualified individuals, and that Olympia "was a legitimate business in that it would only use legal methods and truthful information" to amend returns. R., Vol. 1 at 40. Through this scheme, Olympia generated over 700 false amended returns filed with the IRS and 400 false

amended returns filed with the CDR, resulting in a total loss in taxes of $2,757,744.

In November 2005 the CDR began investigating Olympia, forcing it to cease business by March 2006. But Defendant, along with two other Olympia employees, Louann Savala and Jessica Arambula, continued the scheme by starting another operation that used various names; we will refer to the operation as MLM. MLM operated as Olympia did, and Defendant's role again was to solicit customers. By the time MLM ceased operation in September 2006, fifty falsified amended returns had been filed with the IRS, resulting in a loss in taxes of $232,633.

At sentencing there was no dispute that Defendant's guidelines sentencing range was 37 to 46 months. The guidelines calculation included a three-level reduction in her offense level for acceptance of responsibility and assisting the investigation and prosecution. *See* USSG § 3E1.1. In addition, the government moved for a 15% departure below the minimum of the guidelines range because she had provided information to the government in the investigation and prosecution of other persons. *See id.* § 5K1.1. The departure would result in a 31-month sentence. Defendant filed a sentencing memorandum requesting a sentence within Zone C of the guidelines sentencing table, which encompasses sentences between 10 and 18 months. *See id.* ch. 5, pt. A. The district court granted the government's motion for a departure and also granted a five-month

downward variance, imposing a sentence of 26 months' imprisonment and three years of supervised release.

## II.    DISCUSSION

Although Defendant states that she is challenging only the substantive reasonableness of her sentence, some of her arguments are better characterized as challenges to procedural reasonableness.  We address procedural reasonableness before turning to substantive reasonableness.

### A.    Procedural Reasonableness

First, Defendant contends that the district court did not adequately consider sentencing disparities.  She asserts that "[t]he disparity in sentencing between co-conspirators in this case should not have been ignored."  Aplt. Br. at 6.  Failure of the district court to consider a sentencing factor set forth in 18 U.S.C. § 3553(a) is a procedural error.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).  One of those factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).  We review sentences for procedural reasonableness under a deferential abuse-of-discretion standard.  *See United States v. Begaye*, 635 F.3d 456, 461 (10th Cir. 2011).

There was no abuse of discretion here.  The district court undoubtedly considered whether its sentence would create an unwarranted disparity between

coconspirators.[1] It said that it was "impressed by the need for avoiding unwarranted discrepancies" in sentencing. R., Vol. 2 at 82. And it expressly referred to the sentences of two of Defendant's coconspirators, her sister Mindy Saignaphone and Savala, but concluded that they "are sufficiently different that they don't present a discrepancy problem." *Id.* We address in our substantive-reasonableness discussion whether the district court's *resolution* of the disparity issue was an abuse of discretion.

Second, Defendant argues that the district court did not give sufficient consideration to the conflict of interest of her prior counsel when it "incorrectly determined she did not fully cooperate with the government." Aplt. Br. at 8. She contends that because her prior counsel represented other defendants at the same time that they represented her, she lost the opportunity to cooperate earlier. A challenge to the district court's fact finding is a challenge to procedural reasonableness. *See Gall*, 552 U.S. at 51. Again, we review for abuse of discretion and discern no abuse.

The district court heard from both parties concerning the alleged conflict of interest. The government pointed out (1) that the conflict-of-interest issue had been raised in a pretrial motion that was denied; and (2) that while represented by

---

[1]Moreover, this is not the sort of disparity that the sentencing court must consider. "[Section] 3553(a)(6) does not require the sentencing court to compare the sentences of codefendants; rather, it looks to uniformity on a national scale." *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008).

prior counsel, Defendant had been given an opportunity to make a statement to the government but her statement was incomplete and untruthful. Defendant did not challenge the government's assertions but merely tried to excuse the shortcomings in her statement as resulting from inadequate advice and preparation assistance from counsel. On the record before us, the district court did not abuse its discretion by taking into account Defendant's failure to cooperate more fully earlier in the investigation.

**B.      Substantive Reasonableness**

Defendant argues that her sentence was substantively unreasonable when compared to those of her coconspirators. We review sentences for substantive reasonableness under an abuse-of-discretion standard. *See id.* "When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010) (brackets and internal quotation marks omitted). As previously noted, among those factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A sentence within the advisory guidelines range is presumed to be reasonable. *See Alvarez-Bernabe*, 626 F.3d at 1167. In other words, a within-guidelines sentence is presumed to be neither unreasonably harsh

-6-

nor unreasonably lenient. A fortiori, a below-guidelines sentence, as here, is presumptively not unreasonably harsh.

Defendant focuses on the sentences of two coconspirators—Mindy Saignaphone and Savala. Defendant's sentence was 26 months' incarceration. Mindy's was 8 months and Savala's was 30 . Defendant contends that she should have been treated more like Mindy and much more leniently than Savala. But the district court reasonably decided otherwise. Unlike Mindy, Defendant continued in a new fraudulent scheme after Olympia was shut down. And although Savala had a higher criminal-history category than Defendant, she had provided significantly greater cooperation than Defendant. Defendant has failed to overcome the presumption that her sentence was reasonable.

## III. CONCLUSION

We AFFIRM the judgment below.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge