FILED
United States Court of Appeals
Tenth Circuit

October 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

MAURICE RAGLAND,

Defendant–Appellant.

No. 10-3311
(D.C. No. 2:07-CR-20154-JWL-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Maurice Ragland was sentenced to 168 months in prison for his role in a mortgage fraud operation. He challenges his sentence as substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I

From January 2002 to January 2004, Ragland participated in a mortgage fraud conspiracy through an appraisal business called TERM Appraisers. Ragland's primary role in the conspiracy consisted of providing fraudulent appraisals that manipulated values of comparable properties and falsely attributed features to homes being appraised. In addition to the false appraisals, TERM associates stole the identities of licensed appraisers and forged their signatures and license numbers on appraisals. TERM associates also created false identities and license numbers for nonexistent appraisers and used those identities to prepare the fraudulent appraisals.

Ragland also acted as a loan officer in the fraudulent business. Targeting low-income and inexperienced borrowers who needed money or sought to buy or refinance a home, Ragland and his co-conspirators prepared false and fraudulent loan applications and supporting documents. At or near the time of closing the loans, the conspirators imposed excessive or unexpected fees and higher interest rates on borrowers.

Further, Ragland and his co-conspirators skimmed equity by acting as home buyers. They submitted fraudulent loan applications containing false information concerning their income, their assets, the identity of the appraiser, and the intended use of the property.

Ragland pled guilty to wire-fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. § 1956, and conspiracy in violation of 18 U.S.C. § 371. At sentencing, the court imposed a 16-level enhancement for a loss between $1 million and $2.5 million, calculating actual losses of $1,820,141.69, and determined the proper Guidelines range to be 151 to 188 months' imprisonment.

Ragland sought a variance, arguing that the Guidelines calculations did not reflect his allegedly minor role in the conspiracy and the relatively modest profits he received from his criminal activity. The district court refused his request, concluding that Ragland played a critical role in the conspiracy because the inflated appraisals were essential to the fraudulent mortgage loans. Instead, the court maintained that its within-Guideline sentence accurately reflected the 18 U.S.C. § 3553(a) sentencing factors.

## II

Ragland argues that his 168 month sentence is substantively unreasonable. Our review of such a challenge is for abuse of discretion. United States v. Washington, 634 F.3d 1180, 1184 (10th Cir. 2011). "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotation omitted). Often "there will be a range of possible outcomes the facts

and law at issue can fairly support; rather than pick and choose among them ourselves, we will defer to the district court's judgment so long as it falls within the realm of these rationally available choices." United States v. McComb, 519 F.3d 1049, 1053 (10th Cir. 2007). Thus, "[w]e reverse only when the district court renders a judgment that is arbitrary, capricious, whimsical or manifestly unreasonable." United States v. Martinez, 610 F.3d 1216, 1227 (10th Cir. 2010) (quotation omitted).

We presume that Ragland's properly calculated within-Guideline sentence is substantively reasonable. Huckins, 529 F. 3d at 1317. Ragland may rebut this presumption, however, by showing that his sentence is unreasonable in light of the other § 3553(a) sentencing factors. United States v. Kristl, 437 F.3d 1050, 1055 (10th Cir. 2006).

Ragland advances various policy-based critiques of his Guidelines-recommended sentence. Although he does not argue that the district court improperly applied the loss enhancement, he complains of the "improper centrality" of the loss calculation in the fraud guideline. He argues that the loss calculation is a poor approximation of culpability and that the use of the loss enhancement overstated his allegedly peripheral role in the fraudulent scheme. Similarly, Ragland argues that the fraud guideline has an excessive number of enhancements, many of which he argues are overlapping and duplicative. Finally, Ragland objects to the fact that he received a higher sentence than the mean

federal sentences for kidnapping, sexual abuse, racketeering and extortion, manslaughter, drug trafficking, arson, child pornography, and robbery.

The sentencing court could have relied on Ragland's policy-based challenges to the Guidelines' recommendation to justify a downward variance. See Spears v. United States, 555 U.S. 261, 265-66 (2009) (per curiam) ("[W]e now clarify that district courts are entitled to reject and vary categorically from the crack cocaine Guidelines based on policy disagreements with those Guidelines."). However, "a sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory [G]uideline range based on disagreements with the policies underlying a particular Guideline provision." United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) (quotation omitted). Any policy objections that a court in our position might have to the Guidelines are insufficient grounds to vacate a sentence as substantively unreasonable.

The district court reached a sentencing decision after conducting an appropriate evaluation under the dictates of § 3553. The court considered "the nature and circumstances of the offense and the history and characteristics of the defendant," and reached a sentence that it reasonably determined was "sufficient, but not greater than necessary, to comply with" statutory purposes. 18 U.S.C. § 3553(a). Ragland's own perception that he should have received a shorter sentence does not rebut the presumption that his sentence is substantively

-5-

reasonable. Accordingly, we conclude that the district court did not abuse its discretion in imposing a sentence of 168 months' imprisonment.

## III

The judgment of the district court is **AFFIRMED**.

Entered for the Court


Carlos F. Lucero
Circuit Judge