**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ARTURO RASCON-GARCIA, a/k/a
Rigoberto Marquez,

      Defendant-Appellant.

No. 11-2092
(D.C. No. 2:02-CR-00501-BB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

---

[*] This Order and Judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In this direct criminal appeal, Arturo Rascon-Garcia, also known as Rigoberto Marquez, having been convicted of federal drug and conspiracy offenses and sentenced to 211 months' imprisonment, challenges his prison sentence as both substantively and procedurally unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

## BACKGROUND

Mr. Rascon-Garcia was charged, along with four other men, with drug trafficking in 2002. On January 12, 2002, the U.S. Border Patrol had apprehended the men after they crossed the U.S.-Mexican border into New Mexico, carrying six duffle bags containing illicit drugs. The bags contained a total of approximately twenty kilograms of cocaine and sixty-nine kilograms of marijuana. Border Patrol agents also found a cellular phone on Mr. Rascon-Garcia's person.

In April 2002, two of the men pled guilty in a plea agreement to one count of conspiracy to import five kilograms or more of cocaine; they were later sentenced to fifty-one months' imprisonment--the low end of the Federal Sentencing Guidelines' range, given their criminal history categories. Meanwhile, also in April 2002, a federal grand jury in New Mexico returned a four-count indictment against the remaining three men, including Mr. Rascon-Garcia. Counts 1 and 4 of the indictment charged them, respectively, with conspiracy to import and conspiracy to possess five kilograms or more of cocaine and fifty kilograms or more of marijuana, in violation of 21 U.S.C. §§ 963, 846. Counts 2 and 3 charged them with actual importation of said drug amounts,

2

respectively, and aiding and abetting, in violation of 21 U.S.C. §§ 952, 960 and 18 U.S.C. § 2, respectively. A jury convicted the men on Counts 1, 2, and 3 (the Government dropped the charge in Count 4). Mr. Rascon-Garcia's two co-defendants were sentenced to 151 months' imprisonment—the low end of the applicable range under the Guidelines.

In March 2004, Rascon-Garcia was sentenced to 360 months, but the district court would later grant his motion for resentencing in light of United States v. Booker, 543 U.S. 220 (2005), which rendered advisory the formerly mandatory sentencing ranges of the Guidelines. Before resentencing, Mr. Rascon-Garcia objected to his re-released presentence investigation report (PSR) and sought a downward departure. The district court determined that Mr. Rascon-Garcia's offense level was 34 and his criminal history was V, which resulted in an advisory sentencing range of 235 to 293 months' imprisonment. The court implicitly rejected Mr. Rascon-Garcia's argument that his offense level should have been reduced further pursuant to U.S.S.G. § 3B1.2, which decreases a defendant's offense level by two to four points if he is deemed a minor or minimal participant in the criminal activity.

The court imposed a sentence of 211 months, below the Guidelines' advisory range, noting Mr. Rascon-Garcia's mental health problems as well as the Guidelines' "somewhat Draconian" treatment of cocaine offenses. The court ordered that the 211-month sentence run consecutive with another 24-month sentence that had been imposed for Mr. Rascon-Garcia's violation of the terms of a supervised release relating to a prior

3

conviction. Judgment was entered on June 1, 2011, and Mr. Rascon-Garcia timely appealed to this Court.

## DISCUSSION

Mr. Rascon-Garcia styles his claim for relief under five separate headings.

### I. Offense Level Adjustment for Minimal Participant

Mr. Rascon-Garcia argues that the district court erred in finding that he was not a minor or minimal participant entitled to an offense-level reduction under U.S.S.G. § 3B1.2(a). Mr. Rascon-Garcia asserts that such a reduction was warranted because he was a lowly drug courier performing a limited function in the criminal activity, and two of his co-defendants received such reductions. We review this determination by the district for clear error. United States v. Martinez, 512 F.3d 1268, 1276 (10th Cir. 2008).

A defendant is entitled to a four-level reduction in his offense level as a "minimal participant" if he is "plainly among the least culpable of those involved in the conduct of a group," or to a two-level reduction as a "minor participant" if he is "less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 and cmt. nn. 4-5. "We have consistently refused to adopt a per se rule allowing a downward adjustment based solely on a defendant's status as a drug courier." Martinez, 512 F.3d at 1276 (quotation marks omitted) (noting that "[d]rug couriers are an indispensable component of drug dealing networks"). That is, the mere fact that one is a "mule in a larger drug distribution enterprise" does not make one a minor or minimal

4

participant; rather, the decision whether to grant an adjustment under § 3B1.2 turns on the defendant's culpability relative to other participants in that particular crime of conviction. Id.

In this case, the district court implicitly found that, in the group of five men apprehended for drug trafficking, Mr. Rascon-Garcia was the one carrying a cellular phone. (R. Vol. II at 13, 19). This suggests he may have been a pointman within the group, thus undercutting the notion that he was less culpable than the other men. Moreover, the fact that two of the other men in the group were found to be minor or minimal participants in the group, if relevant at all, would counsel against such a finding in Mr. Rascon-Garcia's case, as the minor-ness of their participation was considered relative to the participation of others in the group, including Mr. Rascon-Garcia. We cannot say, therefore, that the district court clearly erred in finding that Mr. Rascon-Garcia was not less culpable than most other participants in his crime.

## II. Downward Variance for Mental Impairment

Mr. Rascon-Garcia contends that the district court acted substantively unreasonably in declining to reduce his sentence further on the basis of his mental impairments in light of the sentencing factors of 18 U.S.C. § 3553(a). Psychological evaluation did indeed demonstrate that Mr. Rascon-Garcia suffers from mental infirmities, which Mr. Rascon-Garcia asserts have resulted at least in part from an abusive childhood and drug addiction.

In the context of substantive reasonableness, this Court reviews the district court's decision for an abuse of discretion, Gall v. United States, 552 U.S. 38, 46 (2007), focusing on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a),[1]" United States v. Friedman, 554 F.3d 1301, 1307 (10th Cir. 2009) (quotation marks, citation omitted, footnote added). "The fact that [this Court] might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51. Indeed, "substantial deference to district courts" is warranted when reviewing a sentence for substantive reasonableness, such that an abuse of discretion will only be found where the district court has rendered "a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." Friedman, 554 F.3d at 1307 (citations omitted). Sentences within the Guidelines' advisory range are presumptively reasonable, U.S. v. Alvaraz-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010), so "[a]

---

[1] The relevant sentencing factors to be considered under the Guidelines include:

> (1) the nature and circumstances of the offense and the history and characteristic of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence . . .; (C) to protect the public . . .; and (D) to provide . . .correctional treatment . . .; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established . . .; (5) any pertinent policy statement . . .(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims . . . ."

18 U.S.C. § 3553(a)

6

fortiori, a below-guidelines sentence, as here, is presumptively not unreasonably harsh," U.S. v. Saignaphone, 423 Fed. App'x 821, 824 (10th Cir. 2011) (unpublished).

In this case, the district court expressly referenced all the § 3553(a) factors and acknowledged Mr. Rascon-Garcia's mental deficiencies as one of the reasons the court was imposing a below-Guidelines sentence. (R. Vol. II at 22.) Essentially, then, Mr. Rascon-Garcia complains that the district court did not give him enough of a downward departure based on his mental infirmities. We will not reverse a sentence, however, simply because "the district court . . . placed too little weight on [his] mental retardation." United States v. Romero, 432 Fed. App'x 790, 795 (10th Cir. 2011) (unpublished); see also United States v. Smart, 518 F.3d 800, 808 (10th Cir. 2008) ("We may not examine the weight a district court assigns to various § 3553(a) factors, and its ultimate assessment of the balance between them, as a legal conclusion to be reviewed de novo. Instead, we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the [sentence imposed]." (quotation marks omitted)). Accordingly, as the district court expressly considered Mr. Rascon-Garcia's mental impairments, and given that Mr. Rascon-Garcia's below-Guidelines sentence is presumptively reasonable, we cannot say that the district court abused its discretion in not granting Mr. Rascon-Garcia an even more substantial downward departure on this ground.

### III. Application of Criminal History

7

Under this heading, Mr. Rascon-Garcia does not argue that the district court committed procedural error in calculating his criminal history under the Guidelines; rather, he simply asserts that it was substantively unreasonable not to impose a shorter sentence, notwithstanding his criminal history, out of consideration of the overarching sentencing factors of 18 U.S.C. § 3553(a). As previously discussed, however, we cannot say that the district court, having expressly considered the sentencing factors of § 3553(a) (R. Vol. II at 21-23), abused its discretion in imposing a sentence substantially below the presumptively reasonable advisory range under the Guidelines.

With respect to Mr. Rascon-Garcia's assertion that the criminal history rules of the Guidelines are not based on empirical evidence, this does not change our standard of review for the substantive reasonableness of the district court's determination. See United States v. Wilken, 498 F.3d 1160, 1172 (10th Cir. 2007) ("[A] sentence is not rendered unreasonable merely because of a district court's refusal to deviate from the advisory [G]uideline range based on disagreements with the policies underlying a particular Guideline provision." (quotation marks omitted)); United States v. Ragland, No. 10-3311, 2011 WL 5041913, at *2 (10th Cir. Oct. 25, 2011) (unpublished) ("Any policy objections that a court in our position might have to the Guidelines are insufficient grounds to vacate a sentence as substantively unreasonable.").

## IV. Sentencing Disparity with Codefendants

Mr. Rascon-Garcia makes another claim of substantive unreasonableness with respect to the sentencing disparities between himself and his co-defendants, citing their

lesser sentences.  Simply put, this argument is meritless because Mr. Rascon-Garcia's

criminal history (category V) was much more serious than the criminal histories of his

co-defendants (category I), thereby increasing his advisory sentencing range under the

Guidelines relative to theirs.  Thus, since Mr. Rascon-Garcia's co-defendants did not

have "similar records" compared with him, there is no "sentence disparit[y]" here of the

kind that the Guidelines seek to avoid.  See 18 U.S.C. § 3553(a)(6).  The alleged

"disparity" in this case does not evince substantive unreasonableness under the §

3553(a)(6) because it does not "suggest a systemic disparity, that is, a disparity between

his sentence and the sentences imposed on the universe of similarly situated defendants";

and "[i]n any event, § 3553(a)(6) is but one factor that a district court must balance

against the other § 3553(a) factors in arriving at an appropriate sentence."  United States

v. Strasser, No. 10-4218, 2011 WL 5041915, at *5 (10th Cir. Oct. 25, 2011)

(unpublished) (quotation marks omitted).  Indeed, the district court expressly took into

account the lesser sentences of Mr. Rascon-Garcia's co-defendants in deciding to grant

him a downward departure.  (R. Vol. II at 22.)  We find no abuse of discretion here.

## V.  Otherwise Excessive Sentence

Finally, Mr. Rascon-Garcia argues in broad terms that his sentence was

excessively long considering his harsh background and mental and emotional problems.

He asserts that a prison term of 211 months is longer than necessary to achieve the

sentencing goals of § 3553(a), particularly with respect to incapacitation and deterrence,

noting that Mr. Rascon-Garcia will be deported upon completion of his sentence.

9

However, as discussed above, we cannot say that the district court imposed a substantively unreasonable sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge