FILED
**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTHONY PASCAL MOUILLE,

Defendant-Appellant.

No. 10-4175
(D.C. No. 1:10-CR-00022-DB-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **ANDERSON**, and **HOLMES**, Circuit Judges.

In July 2010, Anthony Mouille pleaded guilty to one count of identity fraud and one count of aggravated identity theft arising out of his possession of stolen and counterfeit checks and identification documents that he admittedly intended to use to commit bank fraud, among other things. The district court imposed a sentence of eighteen months on count one, and a statutorily-mandated consecutive

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentence of twenty-four months on count two. Mr. Mouille now appeals, arguing that his sentence was both procedurally and substantively unreasonable.

Mr. Mouille contends that his sentence was procedurally unreasonable because the district court failed to expressly acknowledge that it understood the U.S. Sentencing Guidelines are not mandatory. "Ordinarily, we review a district court's sentencing procedure for abuse of discretion, evaluating factual findings for clear error and legal determinations de novo." *United States v. Mendoza*, 543 F.3d 1186, 1190 (10th Cir. 2008). But because Mr. Mouille did not raise this objection after the district court imposed his sentence, we will review it only for plain error. *See id.*; *United States v. Romero*, 491 F.3d 1173, 1178 (10th Cir. 2007).

Mr. Mouille bears the heavy burden of establishing plain error by showing that the district court (1) committed error, (2) that was plain, (3) that affected his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Romero*, 491 F.3d at 1178. He does not even attempt to make a showing on the fourth prong, and his showing on the other three prongs is wholly inadequate.

Mr. Mouille is correct that the district court did not "state on the record, or otherwise clearly articulate, its recognition that the United States Sentencing guidelines are not mandatory," Aplt. Br. at 10, but he makes no showing that this was error. He relies on the Supreme Court's statement in *Gall v. United States*,

552 U.S. 38, 51 (2007), that a district court commits "significant procedural error" if it "treat[s] the Guidelines as mandatory," but he cites no authority for his contention that a district court also commits procedural error if it does not expressly say that it knows the guidelines are not mandatory. To warrant reversal under a plain error standard, the district court must have committed an error that is "clear or obvious under well-settled law." *Mendoza*, 543 F.3d at 1192 (internal quotation marks omitted). Even if we assumed that the district court's failure to articulate its understanding was error, it was neither clear nor obvious under well-settled law.

Moreover, the record does not suggest the district court actually treated the sentencing guidelines as mandatory, and we may assume that the court knew the law and applied it correctly absent some contrary indication in the record. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1201 (10th Cir. 2007). The Supreme Court held that the sentencing guidelines were not mandatory more than five years before Mr. Mouille was sentenced, *see United States v. Booker*, 543 U.S. 220, 259 (2005), and we have no reason to believe the district court did not follow that holding in sentencing Mr. Mouille.

Mr. Mouille also fails to show that the district court's alleged error affected his substantial rights, i.e., that "there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different," *Mendoza*, 543 F.3d at 1194 (internal quotation marks omitted). Mr. Mouille contends that

his substantial rights were affected because he was denied the benefit of the bargain he struck in his plea agreement that the government would recommend a sentence at the low end of the guideline range, which it did. He seems to suggest that had the district court acknowledged the discretionary nature of the guidelines, it would have imposed a lesser sentence.[1] The district court's discussion of the sentencing factors under 18 U.S.C. § 3553(a), however, evidences that the court would not have imposed a lesser sentence regardless of its view of the sentencing guidelines. To the contrary, the court said the sentence it imposed was probably not high enough given Mr. Mouille's extensive criminal history and the nature of the current crimes of conviction. R. Vol. 2 at 16.

Mr. Mouille also argues that the district court's sentence on count one was substantively unreasonable. "When evaluating the substantive reasonableness of a sentence, we afford substantial deference to [the] district court[ ], and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010) (alteration in original) (internal quotation marks omitted). When reviewing a sentence that is within the

---

[1] We note that Mr. Mouille expressly acknowledged in his Statement of Defendant in Advance of Plea of Guilty that the government's recommendation of a sentence at the low end of the guideline range would not be binding on the court, which would determine the appropriate sentence independently. R. Vol. 1 at 16, 20-21.

guideline range, we may apply a presumption of reasonableness. *Gall*, 552 U.S. at 51.

The eighteen-month sentence the district court imposed on count one was within the guideline range of fifteen to twenty-one months for that offense. Mr. Mouille acknowledges the sentence is entitled to a presumption of reasonableness, but contends the presumption is rebutted by the fact that the sentence is longer than either the zero-month sentence he requested or the low-end guideline sentence the government recommended.[2] We see no merit to this argument; that the district court imposed a sentence longer than either party requested does not by itself make the sentence unreasonable. As Mr. Mouille acknowledges, the district court "articulate[d] a justification for the sentence imposed" that "related to the factors set forth in 18 U.S.C. § 3553." Aplt. Br. at 16-17. Mr. Mouille has failed to establish that the eighteen-month sentence was substantively unreasonable.

---

[2] Mr. Mouille states in his brief that there is a question "whether the presumption of reasonableness for a guideline sentence, and the need to rebut it, applies only to those cases where there is substantive error–or also applies to those cases where there is a procedural error." Aplt. Br. at 16. He may, therefore, be advancing this argument in an effort to rebut the presumption of reasonableness only because he believes he must do so to establish his claim of procedural unreasonableness. Regardless, we will address this argument as a stand-alone challenge to the substantive reasonableness of his sentence.

The judgment of the district court is AFFIRMED.

Entered for the Court


Jerome A. Holmes
Circuit Judge