FILED
United States Court of Appeals
Tenth Circuit

July 8, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALVARO MADRIZ-CASTILLO, a/k/a
Ramon Sandoval-Vidal, a/k/a Javier
Conzales-Madrino, a/k/a Ramon
Castillo,

Defendant - Appellant.

No. 10-1577

(D. Colorado)

(D.C. No. 1:09-CR-00473-WYD-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Alvaro Madriz-Castillo appeals his 57-month sentence for

unlawful reentry of a previously deported alien. *See* 8 U.S.C. § 1326(a), (b)(2).

He contends that the sentence was procedurally and substantively unreasonable.

We have jurisdiction under 28 U.S.C. § 1291 and affirm. The district court

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adequately explained the sentence.  And Defendant has not overcome the presumption that his within-guidelines sentence was not unreasonably long.

## I.    BACKGROUND

On September 9, 2010, Defendant pleaded guilty in the United States District Court for the District of Colorado to unlawful reentry of an alien who had been deported after conviction of an aggravated felony.  His presentence report (PSR) stated that his base offense level was 8, and that it was subject to a 16-level increase because of a 2001 child-molestation conviction, and a 3-level reduction for acceptance of responsibility, yielding a total offense level of 21.  It also calculated a criminal-history category of IV, producing an advisory guidelines sentencing range of 57 to 71 months.  The probation office recommended a 57-month sentence.

At sentencing, Defendant's lawyer stated that she and Defendant had received the PSR and did not have any objections or corrections.  The district court then imposed the recommended 57-month sentence, at the bottom of the sentencing range, plus three years of supervised release.  It explained:

> [T]he factual statements and guideline applications in the [PSR] are adopted without objection as the Court's findings of fact concerning sentencing.
> The Court finds the Total Offense Level is 21, and the defendant's Criminal History Category is IV, which results in an imprisonment  range of 57 to 71 months under the advisory guidelines and a fine range  of [$]7,500 to $75,000.  Supervised release range is 2 to 3 years. The Court finds no reason to depart

from the advisory guideline range and will impose a sentence within that range.

R., Vol. 2 pt. 3 at 37.

## II. DISCUSSION

Defendant claims that his sentence was procedurally unreasonable because the district court (1) failed to consider any of the 18 U.S.C. § 3553(a) sentencing factors other than the advisory guidelines range and (2) failed to explain the sentence imposed. He also argues that his sentence was substantively unreasonable because the district court gave too much weight to the advisory guidelines range and not enough weight to the other statutory sentencing factors. We reject both arguments.

As we have stated, "When the defendant has not raised any substantial contentions concerning non-Guidelines § 3553(a) factors and the district court imposes a sentence within the Guidelines range, our post-*Booker* precedents do not require the court to explain on the record how the § 3553(a) factors justify the sentence." *United States v. Lopez-Flores*, 444 F.3d 1218, 1222 (10th Cir. 2006). The Supreme Court has expressed a similar view. *See Rita v. United States*, 551 U.S. 338, 356–57 (2007). It said that lengthy explanations are not ordinarily required for a within-guidelines sentence:

> [W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence

is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a)—that is argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way—or argues for departure, the judge normally need say no more.

*Id*.

Here, Defendant's sentence was at the low end of the guidelines range and neither he nor his counsel raised any substantial contentions concerning the § 3553(a) factors. The district court clearly thought this case was typical; Defendant and his counsel made no attempt to disabuse it of that view. The court did not need to say more than it did.

Turning to Defendant's substantive-reasonableness argument, our review is for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). "When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1167 (10th Cir. 2010) (brackets and internal quotation marks omitted). A sentence within the advisory guidelines range is presumed to be reasonable. *See id*.

Defendant has not overcome the presumption. Although his briefs on appeal contend that the district court did not give enough weight to the § 3553(a)

factors other than the guidelines range, they fail to explain how any of those factors would require a more lenient sentence. In light of his four convictions between 1998 and 2009 and his three prior deportations, we cannot say that 57 months' imprisonment was an unreasonably harsh sentence.

## III.  CONCLUSION

We AFFIRM Defendant's sentence.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge