**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

JUAN JOSE MONTOYA-RUIZ, a/k/a
Miguel Rios,

　　　　Defendant - Appellant.

No. 11-1049

(D. Colorado)

(D.C. No. 1:10-CR-00248-MSK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Defendant Juan Jose Montoya-Ruiz appeals his 46-month sentence for

unlawful reentry of an alien who had previously been deported after commission

of an aggravated felony.  *See* 8 U.S.C. § 1326(a) and (b)(2).  On appeal,

Defendant challenges the substantive reasonableness of his sentence.  Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Defendant, a native and citizen of Mexico, was sentenced in California on November 14, 1994, for possession of a controlled substance for sale (an aggravated felony) and was thereafter deported. On April 2, 2010, he was found within the State of Colorado and indicted for illegally reentering the United States. His presentence investigation report calculated that under the United States Sentencing Guidelines his base offense level was 8, with a 16-level enhancement for his prior felony, and a 3-level reduction for acceptance of responsibility, yielding a total offense level of 21. It also calculated a criminal-history category of III, producing an advisory guidelines range of 46-57 months. The probation office recommended a 50-month sentence.

Before the sentencing hearing, Defendant moved for a downward variance. The district court, recognizing that it had the discretion to vary from the guidelines range, considered the factors under 18 U.S.C. § 3553(a). But it rejected Defendant's argument and imposed a sentence of 46 months' incarceration––at the bottom of the guidelines range.

We review a claim of substantive unreasonableness for abuse of discretion. *See United States v. Lewis*, 594 F.3d 1270, 1277 (10th Cir. 2010). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.* (internal quotation marks omitted). "Because [Defendant's] sentence was within the properly calculated guidelines range, it is presumed reasonable." *Id.* "The defendant may rebut the

presumption, however, by demonstrating that the sentence is unreasonable when viewed against the other factors delineated in § 3553(a)." *Id.* (internal quotation marks omitted).

Defendant argues that his sentence is substantively unreasonable because (1) the 16-level enhancement "does not exemplify the Sentencing Commission's exercise of its characteristic institutional role[,] is not based upon empirical evidence," and was enacted without the Commission's "articulating any justification"; and (2) the "enhancement creates unwarranted sentencing disparities." Aplt. Br. at 10. But, as Defendant concedes, our precedent forecloses these arguments. *See United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1166–67 (10th Cir. 2010).

The judgment of the district court is AFFIRMED.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge