**UNITED STATES COURT OF APPEALS** February 7, 2012

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

MARLON JAVIER VARGAS-
MEDINA, a/k/a Carlos Caria, a/k/a
Marlo Vargas-Reyna, a/k/a Marlon
Acosta-Vargas, a/k/a Norlan J. Vargas,

        Defendant - Appellant.

No. 11-1356

(D. Colorado)

(D.C. No. 1:10-CR-00370-MSK-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Senior Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant and appellant Marlon Javier Vargas-Medina pled guilty to one count of illegally reentering the country following deportation after a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to fifty-seven months' imprisonment. Arguing that his sentence is procedurally and substantively unreasonable, Mr. Vargas-Medina appeals that sentence, which we affirm.

## BACKGROUND

Mr. Vargas-Medina is a citizen of Honduras. Beginning in the mid-1990s, Mr. Vargas-Medina moved repeatedly between the United States and Honduras. While records reveal three prior deportations, Mr. Vargas-Medina claimed he had been deported at least eight or nine times. In January 2011, federal agents discovered Mr. Vargas-Medina in the Aurora, Colorado, jail following his arrest for a traffic violation.

As indicated, Mr. Vargas-Medina pled guilty pursuant to an agreement where the government agreed to recommend that he receive full credit for accepting responsibility. In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG") (2010), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated an advisory Guidelines sentencing range of seventy to eighty-seven

months' imprisonment, based upon a total offense level of 21 and a criminal history category V.

Mr. Vargas-Medina objected to his criminal history category classification, arguing that a 2005 California state court conviction included in his criminal history rested upon insufficient documentation. Specifically, he argued that there were no records of the California conviction. Without this conviction, he argues his criminal history category would be IV.

Additionally, Mr. Vargas-Medina asked the court to provide a downward variance from the advisory Guidelines range, arguing that the Guideline provision providing for a 16-level increase in his base offense level because he was deported following a prior conviction for a felony (a 2008 conviction for attempted distribution of heroin) was unfair and unnecessary. He also argued that his own history and characteristics mandated that the 16-level increase not be applied. In particular, he stated that he left his family in Honduras when he was just a teenager, that he was poorly educated, and that he spent much of his time figuring out how he could get to the United States.

The district court agreed with Mr. Vargas-Medina that the government had failed to carry its burden to prove that the challenged 2005 California conviction was actually attributable to Mr. Vargas-Medina. This lowered his criminal history to category IV, with the result that the advisory Guidelines range was fifty-seven to seventy-one months. The district court then rejected Mr. Vargas-

Medina's motion for a variance, and ultimately sentenced him to fifty-seven months' imprisonment, at the low end of the applicable advisory Guidelines range.

Mr. Vargas-Medina argues his sentence is procedurally and substantively unreasonable, primarily because he objects to the 16-level increase in his offense level based upon his prior deportation following a felony conviction:

> The 16-level bump the Guidelines assigned to Vargas-Medina's drug conviction raised his total offense level from 6 to 21, and raised his Guideline range from 6-12 months to 57-71 months. When viewed against the other factors set out in § 3553(a), particularly the nature of the offense, the unreasonableness of his sentence becomes apparent, for those other factors played little or no role in fixing his punishment.

Appellant's Op. Br. at 9.

## DISCUSSION

We review the reasonableness of a sentence under the "familiar abuse-of-discretion standard of review." Gall v. United States, 552 U.S. 38, 46 (2007). "Reasonableness review has a procedural and substantive component." United States v. Martinez, 610 F.3d 1216, 1223 (10th Cir. 2010). "Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentence, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." United States v. Huckins, 529 F.3d 1312, 1317

(10th Cir. 2008). "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Id. Furthermore, "[w]e apply a rebuttable presumption of reasonableness for sentences imposed within the correctly calculated advisory guideline range." United States v. Perez-Jiminez, 654 F.3d 1136, 1146 (10th Cir. 2011) (further quotation omitted).

Mr. Vargas-Medina's procedural reasonableness argument amounts to an attack on the 16-level enhancement contained in the Guidelines and applicable to individuals, like himself, who illegally reentered the United States after being previously deported following an aggravated felony conviction. He argues the enhancement "was not the product of a rational, empirically based exercise of the Sentencing Commission's institutional role, namely, the provision of expert and data-driven insight into the sentencing process." Appellant's Op. Br. at 11. He further argues that the district court failed to acknowledge that it had the ability to vary from the advisory Guidelines sentencing range because it disagreed with the Guidelines as a policy matter. See Spears v. United States, 555 U.S. 261, ___, 129 S. Ct. 840, 842-43 (2009) (per curiam) (holding a district court has discretion to vary from the Guidelines based solely on a policy disagreement with the 100:1 ratio for crack and powder cocaine offenses); Kimbrough v. United States, 552 U.S. 85, 91 (2007) (holding district courts have authority to consider the disparity

between the Guidelines' treatment of crack and powder cocaine offenses when choosing an appropriate sentence).

It is clear from the transcript of the sentencing hearing that the district court did not believe it lacked the authority to depart from the advisory Guidelines range, based on a policy disagreement with the Guidelines. Rather, the court simply chose not to exercise its authority to vary from the advisory Guidelines sentencing range. As the court explained:

> To find that the Sentencing Commission has not performed its obligations would require me to know precisely what they have done in an evidentiary context with regard to the determination of particular facets in the guidelines. <u>And although I generally take that into account in the 3553 analysis,</u> I am reluctant on simply an argument to find that there is a problem in the guideline calculation or guideline structure that is caused by some deficiency, oversight, or usurpation of authority by the Sentencing Commission.
>
> <u>I therefore take that argument into account under 3553(a) in a general context with regard to this particular defendant,</u> but I make no findings as to the appropriateness of the offense increase.

Tr. of Sentencing Hr'g at 20, R. Vol. 2 at 52 (emphasis added). Thus, the court understood that it could vary, but, in essence, determined that it would not do so in this particular case, based merely on Mr. Vargas-Medina's argument to do so, with no specific information on why the 16-level enhancement was inappropriate in this case. The court then considered the argument in the context of examining all the 18 U.S.C. § 3553(a) sentencing factors, but rejected it as a basis for varying from the Guidelines range.

Additionally, we have already rejected a very similar, if not identical, argument. In United States v. Alvarez-Bernabe, 626 F.3d 1161 (10th Cir. 2010), the defendant made the argument that "the application of the 16-level enhancement works some sort of injustice on [him]." Id. at 1164. We responded that "the Sentencing Commission was merely following Congressional policy to impose more severe *statutory* penalties on previously deported aliens with a criminal record, who illegally return to the United States. Thus, Mr. Alvarez's arguments really should be directed at Congress, not the Sentencing Commission." Id. at 1166. We also noted that a number of courts have "explicitly rejected this same argument." Id. (citing cases). The district court accordingly committed no procedural error when it calculated Mr. Vargas-Medina's sentence and imposed the 16-level enhancement contained in the Guidelines.

Mr. Vargas-Medina also argues his sentence is substantively unreasonable. As we stated above, a substantive reasonableness inquiry requires us to consider whether the sentence is reasonable in light of all the sentencing factors contained in 18 U.S.C. § 3553(a). He claims that "[w]hen viewed against the other factors set out in § 3553(a), particularly the nature of the offense, the unreasonableness of his sentence becomes apparent, for those other factors played little or no role in fixing his punishment." Appellant's Op. Br. at 9. Once again, Mr. Vargas-Medina's argument really amounts to an attack on the 16-level enhancement the

Guidelines provide for illegal aliens reentering the country following a deportation after an aggravated felony conviction. This wholesale attack is unavailing.

Moreover, the district court explicitly stated that it had reviewed all the sentencing factors in § 3553(a). And, considering all those factors, nothing convinces us that Mr. Vargas-Medina has rebutted the presumption of reasonableness attaching to the district court's within-Guidelines sentence.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge