**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 26, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JESUS SUAREZ-GARCIA,

Defendant - Appellant.

No. 13-1270

(D. Colorado)

(D.C. No. 1:12-CR-00405-RBJ-1)

---

**ORDER AND JUDGMENT***

---

Before **PORFILIO** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, Jesus Suarez-Garcia, was convicted of illegally reentering the United States, following a removal after a conviction for an

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

aggravated felony, in violation of 18 U.S.C. § 1326(a) and (b)(2). He was sentenced to seventy-two months' imprisonment. Arguing that his sentence is substantively unreasonable, Mr. Suarez-Garcia appeals that sentence, which we affirm.

**BACKGROUND**

Mr. Suarez-Garcia pled guilty, pursuant to a plea agreement, to having illegally reentered the United States following a prior removal after the commission of an aggravated felony. His prior criminal history included a 2007 felony conviction for attempted sexual assault; a 2008 felony conviction for being an illegal alien in possession of a firearm; and a 2011 conviction for criminal impersonation. Mr. Suarez-Garcia had previously been deported in 2008.

Mr. Suarez-Garcia's plea agreement estimated that his total offense level under the United States Sentencing Commission, Guidelines Manual ("USSG"), was 13, which, with a criminal history category of V, yielded an advisory Guideline sentencing range of 30-37 months.[1] The presentence report ("PSR"), prepared by the United States Probation Office in anticipation of sentencing, disagreed with those calculations. The PSR categorized Mr. Suarez-Garcia's

_____

[1]The plea agreement utilized an 8-level increase in offense level on the ground that Mr. Suarez-Garcia had been previously deported following a conviction for an aggravated felony. This was subsequently determined to be incorrect, and a 16-level increase was utilized.

conviction for attempted sexual assault as a crime of violence, which led to a total offense level of 21 (rather than 13) which, in turn, yielded an advisory sentencing range of 70-87 months. This calculation included the 16-level increase in offense level on the ground that Mr. Suarez-Garcia had previously been deported after a conviction for a felony crime of violence. See USSG § 2L1.2(b)(1)(A). The PSR recommended a sentence of seventy months.

Mr. Suarez-Garcia objected and moved for a variant sentence of twenty-seven months. The probation officer remained committed to his calculations and the recommendation in the PSR. The government agreed that the PSR's calculations were correct. At Mr. Suarez-Garcia's sentencing hearing, the government suggested a sentence between thirty-seven and seventy months. Mr. Suarez-Garcia persisted in his request for a variant sentence below the advisory Guidelines range.

The court ultimately sentenced Mr. Suarez-Garcia to seventy-two months' imprisonment. Both parties presented vigorous and extensive argument at sentencing. Mr. Suarez-Garcia's counsel argued for a twenty-seven month sentence, stating

> I think 27 months kind of hits a sweet spot because it is almost double the 15 months and exactly one year longer than the last prior sentence. So it does provide some additional deterrence at least.
>
> With respect generally to the 3553 factors, I believe with respect to a general parsimony and just punishment argument, I would refer the Court generally to what I've argued as to [USSG §]

2L1.2(b)(1)(A) [the 16-level enhancement for previous deportation following conviction for a felony crime of violence] and to the evolution of this Guideline. It double-counts, it results in a tripling of the offense level; and depending upon whether an enhancement for felony, aggravated felony, or no other enhancement, anywhere from a two to three to ten times sentencing increase while at the same time counting twice prior convictions for both criminal-history and also offense-level purposes it lacks empirical support, and generally it would be my position that a sentence of 70 months is just simply, for this type of crime, in almost any circumstances, and particularly this one, far greater than necessary to achieve the goals of sentencing or a just sentence.

Tr. of Sentencing Hr'g at 3-4, Attach. 1 at 13-14.

The government argued for a sentence within the range calculated by the

PSR:

I do not believe a 27-month sentence in any way satisfies the objectives of 3553. . . . I . . . would ask that the Court . . . fashion a sentence that is somewhere between the 37 months and 70 months that is being requested by probation. . . . . [T]he logic is based on the factors of 3553(a) taking into consideration this subject's background. He . . . illegally entered the United States in 2005, he commits several violations. He's deported in 2008. He immediately comes back and commits another felony violation. This is his fourth felony that he has on his record at this point. . . . 70 months was definitely an appropriate sentence, given the defendant's history, characteristics, and what your Honor has gone over with this being his fourth felony conviction and the seriousness of the sex offense.

Id. at 18-22.

The district court noted the seriousness of Mr. Suarez-Garcia's prior sex

offense conviction, observing that, "the [state] court found him to be a sexually

violent offender. Believe me when I tell you not every sex offender, not every

felony sex offender, is a sexually violent predator. There are specific

-4-

requirements for that, and it's a relatively uncommon finding by a state court."

Id. at 8. Nonetheless, after reminding all parties that the court "ha[s] to be a little careful not to sentence [the defendant] for the sex offense," the court stated, "what I'm deciding my sentence decision on today, really is the factors under 18 U.S.C. 3553, for the most part." Id. at 17, 27. The court then carefully considered the nature and circumstances of the offense,[2] the history and characteristics of Mr. Suarez-Garcia, deterrence, the promotion of respect for the law, community safety and rehabilitation. The resulting sentence of seventy-two months was, in the court's view, a "fair, just, necessary and appropriate sentence." Id. at 30.

Mr. Suarez-Garcia appeals that sentence, arguing it is substantively unreasonable because it (1) places excessive weight on Mr. Suarez-Garcia's prior sex offense conviction; (2) fails to fully take into account Mr. Suarez-Garcia's personal history and characteristics; and (3) is far longer than necessary.

## DISCUSSION

We review sentences for substantive and procedural reasonableness under an abuse of discretion standard. United States v. Lopez-Macias, 661 F.3d 485, 488-89 (10th Cir. 2011). Mr. Suarez-Garcia only challenges the substantive

---

[2]In considering the nature and circumstances of the offense, the court stated that Mr. Suarez-Garcia's case presented a case "above and beyond the typical reentry case." Tr. of Sentencing Hr'g at 28, Attach. 1 at 38.

reasonableness of his sentence. "[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted). "We review substantive reasonableness claims for abuse of discretion," id., "afford[ing] substantial deference to [the] district court[]." United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008). A sentence within the properly-calculated Guidelines range is presumed on appeal to be reasonable. United States v. Alvarez-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010).

As the above excerpts indicate, the district court did not place excessive weight on Mr. Suarez-Garcia's prior conviction. Rather, the court appropriately noted its seriousness, but then went on, in some detail, to consider the 18 U.S.C. § 3553 sentencing factors. The court also considered Mr. Suarez-Garcia's personal history and characteristics and reached a sentence that, while lengthy, is within the properly-calculated advisory Guidelines sentencing range and is therefore presumptively reasonable. Mr. Suarez-Garcia has not rebutted that presumption of reasonableness. To the extent he attempts to raise a policy objection to the 16-level increase contained in the Guidelines and utilized in calculating Mr. Suarez-Garcia's sentence, we have explicitly rejected that argument. See Alvarez-Bernabe, 626 F.3d 1161.

## CONCLUSION

For the foregoing reasons, we AFFIRM the sentence imposed.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge