**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

GERMAN ANTONIO OCAMPO-
GUTIERREZ,

        Defendant - Appellant.

No. 13-1296

(D. Colorado)

(D.C. No. 1:12-CR-00520-WYD-1)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant, German Antonio Ocampo-Gutierrez, appeals the eighteen-month sentence imposed on him following his plea of guilty to escape

_____

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

from a prison, in violation of 18 U.S.C. § 751(a).  Finding that the district court did not err in imposing Mr. Ocampo-Gutierrez's sentence, we affirm.

Mr. Ocampo-Gutierrez was born in Colombia in 1955, and he entered the United States illegally in 1976.  He married an American citizen at some point, and he avers he "eventually legalized his status."  Appellant's Br. at 1.[1]

As Mr. Ocampo-Gutierrez describes the matter in his brief, "[i]n the mid-1980's [he] made a mistake.  Under pressure from a Colombian drug cartel, he agreed to transport drugs across the border from Mexico into the United States. He was intercepted at the border and subsequently convicted of a federal drug crime."  Id. at 2.  Mr. Ocampo-Gutierrez was then sent to serve his fifteen-year sentence at the Federal Prison Camp in Florence, Colorado.  Two months later, Mr. Ocampo-Gutierrez "wandered away from the camp."  Id.

At some point, Mr. Ocampo-Gutierrez returned to Mexico, married and had three children.[2]  He worked as a carpenter.  Mr. Ocampo-Gutierrez further averred that "[i]n approximately 2012, after being harassed by Los Zetas cartel members, he sold his home in Monterrey, Mexico, and closed his construction business.  He and his family began living illegally in Texas, subsisting largely on the proceeds from the sale of their home in Mexico."  Id. at 3.

---

[1]The government has declined to file a brief in this case.

[2]He and his first wife had divorced while he was in prison.

-2-

Finally, in November 2012, Mr. Ocampo-Gutierrez was intercepted at the Mexico-U.S. border attempting to illegally enter the United States. He was returned to federal custody and the government indicted him for the 1993 escape charge. Mr. Ocampo-Gutierrez pled guilty to that charge. In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated that Mr. Ocampo-Gutierrez's total offense level was eleven, which, with a criminal history of eight, yielded an advisory sentencing range of 18-24 months.

Mr. Ocampo-Gutierrez filed a motion for a below-Guidelines sentence, arguing that such a reduction was warranted because of his good conduct during the decades following his escape, his age (he is now in his fifties), his low risk of recidivism, and his strong family support. The government responded with a recommendation that Mr. Ocampo-Gutierrez receive an 18-month sentence.

At sentencing, the district court began by rejecting the probation department's recommendation for a twenty-four month sentence. The court also expressed a desire to ensure that Mr. Ocampo-Gutierrez receive *some* penalty. The district court said "[t]here has to be some punitive, distinct consequence ...."

Tr. of Sentencing at 9; R. Vol. 4 at 31.[3]  The court ultimately settled on an

eighteen-month prison sentence, concluding in part as follows:

> [T]here is no doubt in my mind that a fair and just sentence under the advisory guidelines, and taking into account the sentencing factors found at 18 [U.S.C. §] 3553(a), is a sentence that requires a distinct period of incarceration for the escape conviction.
>
> You can make all the excuses you want as to why you were unhappy in 1993 being in prison and why you walked away, but you had plenty of opportunities to come back.  And there is a reference here that you attempted to contact your former attorney.  That didn't happen and you became confused about what to do.
>
> . . . .
>
> And then when you were arrested attempting to reenter this country illegally last fall, you were charged in this court with a new crime of escape.  And if I didn't give you a separate period of incarceration, you'd receive no punishment for being a fugitive for 20 years, escaping, and I just don't think that's right.  It's not fair, it's not just, and I'm not going to do it.  I want to make myself clear.
>
> However, the factors that [defense counsel] raises in his motion, while they will not persuade me to grant a concurrent sentence or a sentence that is not consecutive, has some bearing on the length of the consecutive sentence.  And while probation's recommended 24 months for the reasons known to the probation report, I agree with the Government that a sentence of 18 months consecutive to the discharge of the sentence you're serving is a sentence that's sufficient but not greater than necessary to accomplish the objectives of the statute.

Tr. of Sentencing Hr'g at 19-21; R. Vol. 4 at 41-43.

---

[3]The district court questioned defense counsel about whether the defense request for a downward variant sentence would allow Mr. Ocampo-Gutierrez to avoid any additional punishment for escape.  <u>See</u> Tr. of Sentencing H'rg at 10, R. Vol. 4 at 32.

Mr. Ocampo-Gutierrez appeals that sentence, arguing that it does "not reflect a reasoned balancing of the 18 U.S.C. § 3553(a) factors, and is harsher than necessary to satisfy the sentencing goals of the Guidelines." Appellant's Br. at 6. Thus, he argues his sentence is substantively unreasonable.

When a sentence faces a substantive reasonableness attack, we review it for an abuse of discretion. United States v. Snow, 663 F.3d 1156, 1160 (10th Cir. 2011), cert. denied, 132 S. Ct. 1615 (2012). An abuse of discretion occurs when the district court "renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." United States v. Lewis, 594 F.3d 1270, 1277 (10th Cir. 2010) (further quotations omitted). "[S]ubstantive reasonableness review broadly looks to whether the district court abused its discretion in weighing permissible § 3553(a) factors in light of the 'totality of the circumstances.'" United States v. Sayad, 589 F.3d 1110, 1118 (10th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). At bottom, the aim of such review is to determine whether the sentence is unreasonably long, in light of the § 3553(a) factors. Finally, a sentence within the properly-calculated advisory Guidelines sentencing range is presumed on appeal to be reasonable. United States v. Alvarez-Bernabe, 626 F.3d 1161 (10th Cir. 2010).

Mr. Ocampo-Gutierrez's sole argument is that the court gave "little or no consideration either to the circumstances of Mr. Ocampo-Gutierrez's escape, or to his history and characteristics, as required by 18 U.S.C. § 3553(a)(1)."

Appellant's Br. at 9. "The sentencing court . . . is not required to consider individually each factor listed in § 3553(a), nor is it required to recite any magic words to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider before issuing a sentence." United States v. Cordova, 461 F.3d 1184, 1189 (10th Cir. 2006) (internal quotation marks omitted).

The district court fulfilled its duty of explaining its reasons for imposing the eighteen-month sentence, consecutive to any other sentence. It stated that it wanted to ensure that Mr. Ocampo-Gutierrez did not avoid any punishment for his escape conviction, even though it was committed long ago. The court listened to Mr. Ocampo-Gutierrez's personal statement and his counsel's argument for a lesser sentence, but simply rejected the argument that his escape conviction should go unpunished, even though Mr. Ocampo-Gutierrez had led an exemplary life in many respects since his escape. Given the § 3553(a) factors, we cannot say that Mr. Ocampo-Gutierrez has shown that his sentence is unreasonable.

For the foregoing reasons, we AFFIRM the sentence imposed in this case.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge