FILED
United States Court of Appeals
Tenth Circuit

**June 2, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAFAEL CERVANTES-
VALERIANO, a/k/a Lorenzo
Sanchez, a/k/a Arturo Cervantes,

Defendant - Appellant.

No. 14-6233
(D.C. No. 5:14-CR-00246-HE-1)
(W.D. Oklahoma)

ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **MURPHY** and **BACHARACH**, Circuit Judges.

Mr. Rafael Cervantes-Valeriano was convicted of illegal reentry. For

sentencing, the guideline range was 57 to 71 months, and the district court

---

[*]    The Court has determined that oral argument would not materially
aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir.
R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.

varied downward[1] to sentence Mr. Cervantes-Valeriano to 56 months in prison. Mr. Cervantes-Valeriano appealed, challenging only the length of his sentence.

Mr. Cervantes-Valeriano's appointed counsel filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967), and moving to withdraw from representation based on the absence of any arguably meritorious appeal points. *See Anders v. California*, 386 U.S. 738 (1967). We conclude that the only grounds for appeal would be frivolous. Thus, we grant the motion to withdraw and dismiss the appeal.

## I.   *Anders*

Under *Anders v. California*, attorneys can seek leave to withdraw from an appeal when they conscientiously examine a case and determine that an appeal would be frivolous. *Anders v. California*, 386 U.S. 736, 744 (1967). To obtain leave to withdraw, an attorney must

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005).

---

[1]    The court varied downward to give Mr. Cervantes-Valeriano credit for a month he had spent in immigration custody.

2

Defense counsel filed a brief, and Mr. Cervantes-Valeriano bypassed the opportunity to file his own brief. In these circumstances, we base our decision on (1) the brief filed by defense counsel, and (2) the record on appeal.

## II.   Standard of Review

We have nothing to suggest an error in the guideline calculation, and the sentence fell below the guideline range. As a result, the sentence is presumptively reasonable in length. *See United States v. Trent*, 767 F.3d 1046, 1051 (10th Cir. 2014). The presumption is rebuttable, but Mr. Cervantes-Valeriano bears the burden of showing that the sentence is unreasonable under the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Kristl,* 437 F.3d 1050, 1054 (10th Cir. 2006).

## III.   Reasonableness of the Sentence

To attempt that showing, Mr. Cervantes-Valeriano could argue that (1) the guideline range unfairly double counts prior convictions, (2) an enhancement under § 2L1.2(b)(1)(A) lacks empirical support, and (3) the court should have applied a downward variance. These arguments would be frivolous.

We have already upheld the same guideline against a similar challenge involving double counting of prior convictions. *United States v. Algarate-Valencia,* 550 F.3d 1238, 1245 (10th Cir. 2008).

We have also rejected a challenge to the enhancement under § 2L1.2(b)(1)(A), holding that it is valid even if the Sentencing Commission did not provide empirical support. *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1166 (10th Cir. 2010).

Finally, the district court considered the sentencing factors in 18 U.S.C. § 3553(a), stating that the guideline calculation was reasonable "in terms of evaluating the seriousness of the offense," "the need to deter [Mr. Cervantes-Valeriano] from the prospect of returning illegally again," and "the need to protect the public from the risk of further crimes." Sentencing Tr. at 10-12. We have no reason to question this explanation.

No court could characterize the sentence as unreasonable. As a result, we grant counsel's motion to withdraw and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge