**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

ALEJANDRO SOTO-ROBLEDO,

  Defendant-Appellant.

No. 15-2027
(D.C. No. 2:14-CR-02443-KG-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.
_____

Mr. Alejandro Soto-Robledo was convicted of illegal reentry into the United States and sentenced to 57 months in prison, which represented the bottom of the guideline range. Mr. Soto-Robledo appeals this sentence on the ground that it is substantively unreasonable. We disagree and affirm.

_____

[*] The parties have not requested oral argument, and the Court concludes that oral argument would not materially aid our consideration of the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). Thus, we have decided the appeal based on the briefs.

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

In reviewing the substantive reasonableness of the sentence, we apply the abuse-of-discretion standard. *United States v. Martinez-Barragan*, 545 F.3d 894, 905 (10th Cir. 2008). The district court has the discretion to impose a sentence unless it is arbitrary, capricious, whimsical, or manifestly unreasonable. *United States v. Haley*, 529 F.3d 1308, 1311 (10th Cir. 2008). In our view, the 57-month sentence was not arbitrary, capricious, whimsical, or manifestly unreasonable.

We presume the sentence is reasonable because it fell within the guideline range. *See United States v. Gambino-Zavala*, 539 F.3d 1221, 1232 (10th Cir. 2008). In attempting to overcome this presumption, Mr. Soto-Robledo argues that the district court (1) unreasonably inflated the guideline range 16 levels based on a prior drug conviction and (2) gave inadequate consideration to mitigating factors, such as Mr. Soto-Robledo's assimilation into U.S. culture. We reject these arguments.

"We have consistently observed that reentry of an ex-felon is a serious offense." *Martinez-Barragan*, 545 F.3d at 905. Thus, we have rejected similar challenges to the guidelines' 16-level enhancement for previous drug convictions. *E.g.*, *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165-66 (10th Cir. 2010); *see also United States v. Torres-Duenas*, 461 F.3d 1178, 1180-83 (10th Cir. 2006) (upholding a 41-month sentence for illegal reentry based in part on a 16-level enhancement for a prior conviction). Based on this precedent, the district court

could reasonably rely on the 16-level enhancement to arrive at an appropriate sentence.

Mr. Soto-Robledo relies not only on the alleged unfairness of the 16-level enhancement, but also on the alleged failure to adequately consider mitigating factors. According to Mr. Soto-Robledo, these factors deserved greater weight. But the district court has the discretion to balance mitigating factors, such as cultural assimilation. *See United States v. Galarza-Payan*, 441 F.3d 885, 889-90 (10th Cir. 2006) (holding that a 57-month sentence for illegal reentry was substantively reasonable, rejecting the defendant's effort to rebut the presumption of reasonableness based on evidence of cultural assimilation); *see also Alvarez-Bernabe*, 626 F.3d at 1167 (holding that a 57-month sentence for illegal reentry was substantively reasonable). In our view, the district court did not act arbitrarily, capriciously, whimsically, or unreasonably by balancing the mitigating factors as it did.

Accordingly, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3