FILED
United States Court of Appeals
Tenth Circuit

July 3, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISRAEL ANGEL GUARDADO-
CORDOVA,

Defendant - Appellant.

No. 12-2211
(D.C. No. 2:12-CR-01054-BRB-1)
(D. New Mexico)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Defendant and appellant, Israel Angel Guardado-Cordova, seeks to appeal
his sentence following his plea of guilty to one count of illegally reentering the

_____

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

United States, after being previously deported following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). His appointed counsel, Assistant Federal Public Defender Andre C. Poissant, has filed an Anders brief and has moved to withdraw as counsel. See Anders v. California, 386 U.S. 738 (1967). Mr. Guardado-Cordova has not filed any response to that brief and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own careful review of the record. For the reasons set forth below, we agree with Mr. Poissant that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and we dismiss this appeal.

The presentence report ("PSR"), prepared by the United States Probation Office in anticipation of sentencing Mr. Guardado-Cordova, provides the following basic facts relevant to this appeal: On March 13, 2012, United States Border Patrol agents discovered thirteen sets of footprints on State Road 81, west of the Antelope Wells, New Mexico, Port of Entry. After following the footprints, the agents discovered thirteen individuals attempting to conceal themselves in brush approximately forty miles north of the United States/Mexico International border. One of the individuals discovered was Mr. Guardado-Cordova. He admitted he was a citizen of El Salvador and he did not have the proper documents to enter or remain in the United States. He was then arrested and transported to the Border Patrol station for further processing.

Immigration records revealed that Mr. Guardado-Cordova had been convicted on July 1, 2005, of sexual assault, a second degree felony, in Arkansas. He was sentenced to twenty-four months probation for that conviction and was subsequently deported from the United States on November 4, 2005. Mr. Guardado-Cordova indicated to authorities that he has a two-year-old daughter in El Salvador who needs eye surgery. Because of financial difficulties, he cannot afford the surgery and he came to the United States in search of work.

As indicated, Mr. Guardado-Cordova pled guilty to one count of violating 8 U.S.C. § 1326(a) and (b)(2). The PSR calculated an advisory sentencing range under the United States Sentencing Commission, Guidelines Manual ("USSG"), of forty-six to fifty-seven months, based on an offense level of twenty-one and a criminal history category of III. The total offense level of twenty-one included a sixteen-level increase pursuant to USSG §2L1.2(b)(1)(A)(ii) because Mr. Guardado-Cordova had been deported previously following a conviction for a felony crime of violence (in this case, the second degree felony sexual assault).

Mr. Guardado-Cordova filed a sentencing memorandum requesting a "downward departure" from the advisory sentencing range, arguing that a sentence of "twelve months and one day is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a), and takes into account the nature and circumstances of the offense and the history and characteristics of the defendant." Def.'s Sentencing Mem. at 1, R.

Vol. 1 at 12.  He argued that the sixteen-level enhancement was unreasonably severe because it placed reentry offenses at the same level as far more serious offenses, and he claimed that his current circumstances, including his family situation and his daughter's poor health, warranted a variance.  The district court rejected his arguments and sentenced him to the bottom of the advisory sentencing range—i.e., forty-six months.  Mr. Guardado-Cordova's counsel filed this appeal.  As indicated, that counsel has now moved to withdraw as counsel pursuant to Anders.

The Supreme Court decision in Anders authorizes a defendant's lawyer to seek permission to withdraw from an appeal if, "after conscientious examination," the lawyer finds the appeal "wholly frivolous."  Anders, 386 U.S. at 744.  Invoking Anders requires the lawyer to "submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client has an opportunity to respond to his attorney's arguments.  United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744).  In evaluating the attorney's request to withdraw, we are required to "conduct a full examination to determine whether the defendant's claims are wholly frivolous."  Id.  If they are, we may grant counsel's motion to withdraw and dismiss the appeal.  Id.

Mr. Guardado-Cordova's counsel identifies as the only "potential" appealable issue the question of "whether Mr. Guardado-Cordova's 46-month sentence was substantively unreasonable." Appellant's Br. at 8.

We review sentences for substantive and procedural reasonableness under an abuse of discretion standard. United States v. Lopez-Macias, 661 F.3d 485, 488-89 (10th Cir. 2011). Procedural reasonableness involves an assessment of "the method by which a sentence is calculated." Id. There is no basis in the record in this case for challenging the procedural reasonableness of this sentence.

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." United States v. Damato, 672 F.3d 832, 838 (10th Cir. 2012) (internal quotation marks omitted). "We review substantive reasonableness claims for abuse of discretion, id. , "afford[ing] substantial deference to [the] district court[]." United States v. Smart, 518 F.3d 800, 806 (10th Cir. 2008). A sentence within the properly-calculated Guidelines range is presumed on appeal to be reasonable. United States v. Alvarez-Bernabe, 626 F.3d 1161, 1167 (10th Cir. 2010).

At sentencing, Mr. Guardado-Cordova argued for a sentence below the advisory Guideline range on the ground that the sixteen-level enhancement as applied to his offense was unreasonably harsh. He argued that a sentence of one year and a day was appropriate, given all the circumstances of his offense. Mr.

Guardado-Cordova pointed out that illegal reentry is non-violent, and that the sixteen-level enhancement yields sentences far longer than sentences for more violent and more serious offenses. To the extent Mr. Guardado-Cordova is attempting to raise a policy objection to the sixteen-level increase contained in the Guidelines, we have explicitly rejected that argument. See United States v. Alvarez-Bernabe, 626 F.3d 1161 (10th Cir. 2010).

He also argued that his "personal and family circumstances supported a variance." Appellant's Br. at 10. In particular, his two-year-old daughter needs medical care, and his sole reason for returning to the United States was to obtain employment so that he could provide for her care. Our court has acknowledged that the "extensiveness of 'family and cultural ties,' however the factor is characterized, will still be part of tailoring an appropriate sentence[,] . . . [but] it is also clear in assessing the reasonableness of a sentence that a particular defendant's cultural ties must be weighed against other [§ 3553] factors." United States v. Galarza-Payan, 441 F.3d 885, 889 (10th Cir. 2006). The district court clearly weighed Mr. Guardado-Cordova's personal situation against the other relevant sentence factors in arriving at the within-Guidelines sentence imposed. This argument therefore provides no nonfrivolous basis for an appeal.

In short, we perceive no meritorious grounds for an appeal. We therefore GRANT counsel's request to withdraw, and we DISMISS this appeal.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge