**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSE ERIBERTO MARTINEZ,

    Defendant - Appellant.

No. 16-2071
(D.C. No. 2:15-CR-00568-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH,** Chief Judge**, O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

Joseph Eriberto Martinez, an El Salvadoran citizen, appeals from a sentence imposed for illegally reentering the United States in violation of 8 U.S.C. § 1326. The district court rejected Martinez's fast-track plea agreement and sentenced Martinez to twenty-four months' imprisonment, the upper limit of the Guidelines sentencing range. Martinez argues that the district court erred by rejecting his fast-track plea agreement and by over-emphasizing deterrence in determining his sentence. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Border patrol agents encountered Martinez on a Greyhound bus at a checkpoint near Las Cruces, New Mexico. Martinez admitted that he was a citizen of El Salvador and that he did not have legal authorization to enter or remain in the United States. After border patrol agents arrested Martinez, the government charged him with illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326.

At the time of his arrest, Martinez was on supervised release from a prior conviction for illegal reentry. In 2011, the Western District of Texas court sentenced Martinez to twenty-four months' imprisonment and three years of supervised release for illegal reentry of a removed alien. Before 2011, Martinez also had a drug-trafficking conviction in Orange County, California.

Despite his prior convictions, the government and Martinez agreed to propose to the district court a fast-track plea agreement under Fed. R. Crim. P. 11(c)(1)(C), providing Martinez a four-offense-level reduction and a two-level reduction for accepting responsibility. If the district court accepted the Rule 11(c)(1)(C) plea agreement, it would be bound to a sentencing range between eight to fourteen months. Martinez pleaded guilty before a magistrate judge but reserved his right to change his plea in case the district court rejected the plea agreement. At Martinez's first sentencing hearing, the district court expressed concern about the plea agreement because it didn't give the court "enough range to adequately reflect some of the 3553(a) factors, particularly respect for the law and specific deterrence." R. Vol. III at 20. Because of an issue with Martinez's earlier deportation date, the Court

continued the sentencing hearing without announcing its sentence to allow the Parties to correct the earlier deportation date.

At the second sentencing hearing, the district court rejected the plea agreement and told Martinez that he could withdraw his guilty plea. The district court explained that it had considered all of the § 3553(a) factors, including deterrence and noted that Martinez's previous twenty-four month sentence hadn't deterred him from illegally reentering the United States. The district court concluded that the plea agreement did not provide the district court with enough flexibility to consider all of the factors under 18 U.S.C. § 3553(a) and therefore, it rejected the fast-track plea agreement.

Martinez later pleaded guilty without a plea agreement. The Guidelines sentencing range without the fast-track plea agreement was eighteen to twenty-four months. At the final sentencing hearing, Martinez argued for a sentence below the Guidelines sentencing range of eighteen to twenty-four months. Martinez argued that if the fast-track program had been available in the Western District of Texas in 2011, his sentence at that time would likely have been substantially less than the twenty-four months' imprisonment he received. Additionally, Martinez argued that economic desperation and rampant violence in El Salvador caused Martinez to leave the country and seek work in the United States. The government also argued for a sentence in accordance with the Parties' fast-track plea agreement. The district court rejected the Parties' arguments and sentenced Martinez to twenty-four months' imprisonment.

The district court carefully explained its decision, including the factors under § 3553. For example, the district court explained that it considered the nature and circumstances of the offense, including the difficult conditions Martinez faced in El Salvador. The Court explained that "while understanding the situation in El Salvador is not a good one, the Court's not sure how returning him to El Salvador sooner rather than later helps him." R. Vol. III at 73. The district court discussed Martinez's history, including his prior convictions for illegal reentry and drug trafficking. The district court expressed its discomfort with Martinez's having killed a man in California, which Martinez claims was self-defense. The district court further explained that a twenty-four month sentence was necessary for deterrence because the previous sentence had not deterred Martinez from illegally reentering the United States. The district court explained that the sentence was necessary "to promote respect for the law, provide a just punishment, afford adequate deterrence, both at a specific and a general level," and to protect the public. *Id.* at 74–75.

In response to an objection from Martinez, the district court explained that it considered all of the other § 3553(a) factors, but that deterrence was especially important in this case. After the third sentencing hearing, the district court issued a fifty-five page opinion carefully analyzing the section 3553(a) factors. The district court noted that "[b]ecause Martinez returned to the United States after serving a 24 month prison sentence, the Court concludes that a sentence of 8 months, or even a sentence at or below the low end of the guidelines range of 18 to 24 months, will not be sufficient to comply with § 3553(a)'s directives." R. Vol. I at 49. After providing a

4

detailed analysis of all the § 3553(a) factors and fully considering and addressing Martinez's arguments, the district court concluded that a high-end sentence was appropriate and sentenced Martinez to twenty-four months.

On appeal, Martinez argues that the district court's sentence is substantively unreasonable. Martinez argues that the sentence is unreasonable because the district court focused solely on deterrence and excluded all of the other factors under § 3553(a).

## STANDARD OF REVIEW

We review the substantive reasonableness of a sentence imposed by a district court for abuse of discretion. *United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Balbin-Mesa*, 643 F.3d 783, 787 (10th Cir. 2011) (quoting *United States v. Alvarez-Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010)). To determine the substantive reasonableness of a sentence, we look at the totality of the circumstances. *Id.*

## DISCUSSION

"When evaluating the substantive reasonableness of a sentence, we afford substantial deference to the district court, and determine whether the length of the sentence is reasonable given all the circumstances of the case and in light of the factors [provided] in 18 U.S.C. § 3553(a)." *Balbin-Mesa*, 643 F.3d at 788 (quoting *Alvarez-Bernabe*, 626 F.3d at 1167). We presume a sentence is reasonable if it is

5

within the properly calculated guideline range. *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013).

Martinez acknowledges that his sentence is within the properly calculated Guidelines sentencing range of eighteen to twenty-four months. The district court imposed a sentence of twenty-four months' imprisonment. Thus, we presume the district court's sentence is reasonable and that the district court didn't abuse its discretion.

Martinez fails to rebut this presumption. First, Martinez claims the district court overemphasized deterrence to the exclusion of all other the § 3553(a) factors. But the district court addressed the § 3553(a) factors, not just deterrence. Specifically, at sentencing, the district court discussed the nature and circumstances of the offense, including the difficult conditions faced by Martinez in El Salvador. The Court explained that "while understanding the situation in El Salvador is not a good one, the Court's not sure how returning him to El Salvador sooner rather than later helps him." R. Vol. III at 73. The district court also addressed Martinez's history and said that it found Martinez's criminal history troubling.

The district court followed up its sentencing discussion with a detailed fifty-five page opinion discussing the 3553(a) factors. The Court explained why it found deterrence particularly important in this case. *See* R. Vol. I at p. 91 ("In a situation where the defendant has not demonstrated any situational differences between his last reentry and this reentry, or, as here, the reasons are even less compelling in this case, the Court has no sound reason to conclude that a shorter sentence will deter him

6

now."). And contrary to Martinez's claims, the district court didn't ignore the other 3553(a) factors. *See id.* ("In addition to promoting deterrence, § 3553(a) directs courts to promote respect for the law and provide for just punishment."); *id.* at 92 ("Regarding the need to protect the public, the Court is concerned about Martinez['s] drug trafficking conviction, his prior immigration conviction and deportation in 2012, and the fact that he killed someone in the United States."). The district court specifically discussed Martinez's background and history, and the events that caused him to reenter the United States. The Court concluded that "while this fact – the dangerous situation in El Salvador – is sad, it does not put downward pressure on the sentence." *Id.* at 92–93.

Finally, the district court explained that the 24-month sentence avoided unwarranted sentencing disparities. The district court explained that "a 24-month sentence avoids any <u>unwarranted</u> disparities among defendants with similar records who have been found guilty of similar conduct, thereby complying with the precedent from both the Ninth and Tenth Circuits." *Id.* at 94.

After reviewing the district court's analysis, the district court did not abuse its discretion in sentencing Martinez to twenty-four months' imprisonment. *See Balbin-Mesa*, 643 F.3d at 788 (twenty-eight month sentence for illegal reentry was not substantively unreasonable). Instead, the district court properly consider Martinez's arguments, considered the factors under § 3553(a), and sentenced Martinez within the guideline range. Martinez fails to overcome the presumption of reasonableness.

Martinez also suggests the district court erred by rejecting the fast-track plea agreement. But a district court is not required to accept a fast-track plea agreement. U.S.S.G. 5K3.1 ("the court may depart downward not more than 4 levels pursuant to an early disposition program."). "Rule 11 vests district courts with the discretion to accept or reject plea agreements," and "so long as district courts exercise sound judicial discretion in rejecting a tendered plea, Rule 11 is not violated." *United States v. Robinson*, 45 F.3d 1423, 1437 (10th Cir. 1995). As we described in detail above, the district court did not abuse its discretion when it rejected the fast-track plea agreement. Therefore, the district court's refusal to accept the binding fast-track plea agreement is not reversible error.

## CONCLUSION

For these reasons, we affirm the substantive reasonableness of Martinez's sentence.

Entered for the Court

Gregory A. Phillips
Circuit Judge