FILED
United States Court of Appeals
Tenth Circuit

August 6, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SONNY RAYE MCCOMBS,

    Defendant - Appellant.

No. 23-5094
(D.C. No. 4:20-CR-00262-GKF-1)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **ROSSMAN**, Circuit Judges.[*]
_____

Sonny Raye McCombs pleaded guilty to one count of aiding and abetting

robbery in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2111, and 2; and

one count of aiding and abetting eluding police officers in Indian Country in

violation of 18 U.S.C §§ 1151, 1152, 13, and 2; and 21 Okla. Stat. Ann. §§ 540A(A)

and (B).  The district court sentenced McCombs to 192 months' imprisonment—180

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment on the first count and 12 months' imprisonment on the second, to run consecutively to each other.

McCombs appealed. However, his appellate counsel submitted an *Anders* brief, stating that there are no non-frivolous claims to be brought on appeal and seeking leave to withdraw from representing McCombs. *See Anders v. California*, 386 U.S. 738, 744 (1967). Upon an independent review of the record, we agree that there are no non-frivolous arguments that McCombs may bring on appeal. We thus grant counsel's motion and dismiss the appeal.

## I.

McCombs's convictions stem from a 2016 incident in which McCombs and another man, Chekota Whitetree, caused a multi-car collision in Tulsa, Oklahoma, within the boundaries of the Muscogee (Creek) Nation. Following the crash, McCombs and Whitetree spotted a woman who had stopped her vehicle. McCombs grabbed the driver and forced her partially out of her Nissan Sentra. Whitetree entered the front-passenger side of the vehicle and the two men began driving away, but the woman was unable to disengage immediately from the frame of the vehicle and was dragged for several feet. An hour later, McCombs, Whitetree, and a minor in their company drove the Nissan to a store in Tulsa, where they stole clothing and two air pistols. Approximately another hour passed before law enforcement officers observed Whitetree driving the stolen vehicle, with McCombs in the front passenger seat and two minors in the back passenger seats. Officers attempted to conduct a traffic stop, at which point Whitetree fled, leading law enforcement on a high-speed

2

chase.  During the chase, McCombs leaned out of the vehicle and pointed "what appeared to be a black, semiautomatic pistol" at officers.  R. Vol. II at 7.  Officers observed McCombs "taking a supported shooting position while aiming the pistol, pulling the trigger, and absorbing recoil," as well as muzzle flashes from the weapon possessed by McCombs.  *Id*.  Police ultimately disabled the vehicle and apprehended McCombs.  Two of the occupants of the vehicle reported to the police that at least one .22 pistol had been present in the vehicle at the time of the chase.

On April 5, 2021, McCombs was charged via superseding indictment with three counts of robbery in Indian Country; theft in Indian Country; eluding police officers in Indian Country; assault with a dangerous weapon; and using, carrying, and discharging a firearm during and in relation to a crime of violence.  Pursuant to plea negotiations, the government ultimately filed a two-count information charging McCombs with one count of aiding and abetting robbery in Indian Country in violation of 18 U.S.C. §§ 1151, 1153, 2111, and 2; and one count of aiding and abetting eluding police officers in Indian Country in violation of 18 U.S.C. §§ 1151, 1152, 13, and 2; and 21 Okla. Stat. Ann. §§ 540A(A) and (B).  On May 16, 2022, McCombs pleaded guilty to both counts.

The Probation Office prepared a Presentence Investigation Report (PSR) that calculated McCombs's total offense level at thirty-one; the offense level included a seven-level enhancement for discharge of a firearm per U.S.S.G. § 2B31.1(b)(2)(A). The district court held McCombs's sentencing hearing on August 1, 2023.  In anticipation of sentencing, McCombs filed (1) a motion for a downward variance,

3

arguing that the district court should grant him a lesser sentence in light of the government's dismissal of Whitetree from the case; and (2) an objection to the seven-level enhancement, arguing that McCombs had not discharged a firearm, but rather the air pistol that he had stolen earlier that day.

At sentencing the district court first addressed McCombs's objection to the firearm enhancement. It noted that McCombs contended that only the air pistol, carbon dioxide cartridges, and pellets were recovered at the scene, and "[n]o firearm, ammunition, or shell casing was recovered, and no bullet holes were found in the area[.]" R. Vol. III at 6. The district court also noted that "multiple officers observed muzzle flashes" from the car, and "at least one [officer] observed muzzle flashes from the firearm possessed by Mr. McCombs." *Id*. at 6–7. Further, two of the occupants of the stolen car confirmed that there were a .22 pistol and an air pistol in the vehicle during the pursuit. The district court then found by a preponderance of the evidence that McCombs discharged a firearm and thus the seven-level enhancement applied.

The district court found that McCombs had a criminal history category of VI and that the total offense level was thirty-one, leading to a Guidelines range of 188 to 235 months' imprisonment. McCombs's counsel then orally requested a downward variance on the basis that Whitetree's case had been dismissed, and McCombs should not be treated significantly more harshly than Whitetree. The government contended in response that McCombs ought to be treated differently from Whitetree because of his extensive criminal history. The district court agreed, and denied McCombs's

4

motion for a downward variance on the basis of the "nature of the instant offense and the defendant's extensive criminal history." R. Vol. III at 16.

The district court sentenced McCombs to a total term of 192 months' imprisonment, at the bottom end of the Guidelines range. In announcing its sentence, the district court considered the 18 U.S.C. § 3553(a) sentencing factors to determine McCombs's sentence. It noted "the nature of the offense and the defendant's criminal history and his personal characteristics," as well as "sentencing disparities among defendants." *Id*. at 19. McCombs timely appealed on August 17, 2023. Counsel then filed the *Anders* brief before us. Neither McCombs nor the government submitted a response brief.[1]

## II.

Appellate counsel's "role as advocate requires that [she] support [her] client's appeal to the best of [her] ability." *Anders*, 386 U.S. at 744. However, when counsel for the defendant has found the case to be "wholly frivolous, after a conscientious examination of it, [she] should so advise the court and request permission to withdraw." *Id.* Once counsel files an *Anders* brief, this Court must conduct a "full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* If, after performing an independent review of the record, we agree with counsel,

---

[1] McCombs's response was due on March 1, 2024. On June 10, 2024, McCombs filed a motion for extension of time to file a response, but did not file a response. His motion was denied.

then we may grant her request to withdraw and dismiss the appeal.  *Id.*  In this case, we agree with counsel.

**a.**

"Our appellate review for reasonableness includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *United States v. Balbin-Mesa*, 643 F.3d 783, 787 (10th Cir. 2011).  McCombs frivolously challenges both components on appeal.

We begin with the first possible basis for McCombs's appeal that counsel identifies—that McCombs's sentence was procedurally unreasonable because the district court incorrectly calculated his Guidelines range.  *Anders* Br. at 9.  We review a sentence for procedural reasonableness by applying the abuse of discretion standard to the district court's decision.  *See United States v. Smart*, 518 F.3d 800, 805 (10th Cir. 2008).  In reviewing a sentence's procedural reasonableness, we look at, among other things, whether the district court properly calculated a defendant's Guidelines range.  *United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008).  "In determining whether the district court correctly calculated the recommended Guidelines range, we review de novo the district court's legal conclusions pertaining to the Guidelines and review its factual findings . . . under the Guidelines for clear error."  *Id.*

We imagine that McCombs could attempt to argue that the district court committed clear error when it found by a preponderance of the evidence that he

6

discharged a firearm during the offense.  But we find no clear error in the district court's decision.  McCombs argued at sentencing that he could not be found to have discharged a firearm because there "was no firearm recovered, there were no clips or magazines from any firearms recovered, there was no ammunition recovered, there were no shell casings recovered, there were no bullet holes in any police cars, and no one was shot."  R. Vol. I at 42.  "The existence of reasonable doubt . . . does not preclude the sentencing court from finding by a preponderance of the evidence that the conduct occurred."  *United States v. Mendez-Zamora*, 296 F.3d 1013, 1019 (10th Cir. 2002).  While there was no firearm recovered, two of the people in the stolen vehicle confirmed that there was a .22 pistol in the car.  Multiple officers reported seeing muzzle flashes—which would not result from the discharge of an air pistol— from the vehicle, and one officer specifically reported observing McCombs discharge a weapon that had recoil and caused a muzzle flash.  Further, it is unlikely that shell casings would be recovered from a high-speed chase where the defendant was leaning out of a window, presumably ejecting shell casings from the firearm into the street rather than back into the vehicle.  *See also* R. Vol. III at 15 (opining on likelihood of shell casings falling outside of the vehicle given McCombs's position).  The district court relied on comprehensive evidence from multiple sources to make its finding.  We find no error.

There is no other indication in the record that the district court incorrectly calculated McCombs's total offense level of thirty-one or his Category VI in criminal history.  We thus conclude that McCombs has no non-frivolous arguments that the

district court erred in its calculation of his Guidelines range. No procedural error occurred.

**b.**

The only other challenge that counsel suggests and that we can surmise is a challenge on the substantive reasonableness of McCombs's sentence. *Anders* Br. at 10–11. We see no non-frivolous argument here either. We review substantive reasonableness for abuse of discretion. *See United States v. Sayad*, 589 F.3d 1110, 1116 (10th Cir. 2009). An inquiry into the substantive reasonableness of a sentence is based on whether "the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in [§ 3553(a)]." *Id.* at 1116 (alteration in original) (citation omitted). When a sentence falls within the properly calculated advisory Guidelines range, the sentence is "entitled to a rebuttable presumption of reasonableness" on appeal. *United States v. Alvarez–Bernabe*, 626 F.3d 1161, 1165 (10th Cir. 2010).

Because McCombs's sentence fell within the Guidelines range, he must show that his sentence was unreasonable in light of the 18 U.S.C. § 3553(a) sentencing factors. *See id.* at 1167. He cannot. In consideration of the § 3553(a) factors, the district court weighed the nature of the offense; McCombs's criminal history category score; sentencing disparities; and McCombs's prior theft, eluding, and drug convictions when it sentenced him to 192 months. On appeal, "[w]e do not reweigh the sentencing factors" that the district court already considered. *United States v. Blair*, 933 F.3d 1271, 1274 (10th Cir. 2019). And nothing otherwise indicates that

8

McCombs's sentence fell outside of the range of "rationally available choices that facts and the law at issue can fairly support." *Id.* (quoting *United States v. Martinez*, 610 F.3d 1216, 1227 (10th Cir. 2010)). Indeed, no other facts in the record indicate the district court abused its discretion when it sentenced McCombs to an in-Guidelines sentence after explaining that his sentence was disparate from the treatment of Whitetree because of his extensive criminal history. No abuse of discretion occurred, thus, any appeal on this issue is frivolous.

## III.

For the reasons stated above, we agree with counsel that there is no non-frivolous basis for appeal. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

Entered for the Court


Allison H. Eid
Circuit Judge